

**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

Jeffrey S. Sweet
Assistant U.S. Attorney
jeff.sweet@usdoj.gov
(541) 465-6771
*Reply to Eugene Office*

**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Natalie K. Wight, United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

December 23, 2022

Kurt D. Hermansen
Supervisory Assistant Federal Public Defender
Federal Public Defender, District of Oregon
859 Willamette Street, Suite 200
Eugene, OR 97401

Re:    *United States v. Kevin Lee Jones*, Case No. 6:21-cr-00481-AA
       Plea Agreement Letter

Dear Kurt:

1.    **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein, although it sets forth the agreement reached between the Josephine County District Attorney's Office and defendant.

2.    **Charges**: Defendant agrees to plead guilty to counts one and two of the information, which charges Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1) and Embezzlement and Theft from Indian Tribal Organizations in violation of 18 U.S.C. § 1163.

3.    **Penalties**: The maximum sentence for count one is ten years' imprisonment, a fine of up to $250,000, three years' supervised release, and a $100 fee assessment. The maximum sentence for count two is five years' imprisonment, a fine of up to $250,000, three years' supervised release, and a $100 fee assessment. Defendant agrees to pay the fee assessment by the time of entry of guilty plea or explain to the Court why this cannot be done.

4.    **Dismissal/No Prosecution**: The USAO agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement. Further, the government has communicated with Josephine County District Attorney Joshua Eastman. DA Eastman has informed the government that, provided defendant pleads guilty pursuant to this plea agreement and is sentenced to at least 10 years' imprisonment, he will recommend that defendant receive a 90-month concurrent sentence in Josephine County Circuit

Kurt D. Hermansen
Re: Kevin Lee Jones Plea Agreement Letter
Page 2
December 23, 2022

Court Case No. 22CR20289. Defendant has already pleaded guilty to Robbery I in Case No.
22CR20289, is pending sentencing, and has been released to federal custody to effectuate the parties'
agreement.

5.    **Elements and Factual Basis**:  In order for defendant to be found guilty of count one of
the information, the government must prove the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed a firearm;

Second, the defendant knew he had been previously convicted of a crime punishable by
imprisonment for a term exceeding one year; and

Third, the firearm had previously been shipped or transported in interstate or foreign
commerce.

Defendant admits the elements of the offense alleged in count one of the information and
specifically admits that:

On or about October 14, 2021, in the District of Oregon, defendant unlawfully and
knowingly possessed a firearm, to wit: a Taurus G3c 9mm pistol and ammunition, as set
forth in the information.  This firearm had previously been shipped or transported in
interstate or foreign commerce.  Furthermore, defendant possessed the firearm knowing
he had been previously convicted of the felony crime set forth in the information, which
is punishable by imprisonment for a term exceeding one year.  Defendant further admits
that he knowingly possessed an Aero Precision M4 rifle, which had previously been
shipped or transported in interstate or foreign commerce, and that he possessed an
extended capacity magazine for the M4 rifle.

In order for defendant to be found guilty of count two of the information, the government
must prove the following elements beyond a reasonable doubt:

First, the defendant knowingly stole property

Second, the property belonged to an Indian tribal organization, and

Third, for the offense to be a felony, that the property had of value of over $1,000.

Defendant admits the elements of the offense alleged in count two of the information and
specifically admits that:

Revised May 2018

Kurt D. Hermansen
Re: Kevin Lee Jones Plea Agreement Letter
Page 3
December 23, 2022

On or about September 6, 2021, in the District of Oregon, defendant knowingly stole $74,228 which belonged to the Cow Creek Band of Umpqua Tribe of Indians, an Indian tribal organization. He did so by stealing the money from the Seven Feathers Truck and Travel Center, which is owned by the Cow Creek Band of Umpqua Tribe of Indians. The money taken exceeded $1,000 in value.

6.      **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7.      **Base Offense Level**: The USAO and defendant agree that a Base Offense Level of 22 applies, pursuant to USSG § 2K2.1(a)(3)(A)(i) and (B). The parties agree that, except as provided below, no other specific offense characteristics, cross-references, or aggravating or mitigating factors as set forth in USSG Chapters Three and Five, apply.

8.      **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than sixteen). The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

9.      **No Agreement as to Criminal History Category**: The parties agree that defendant has a criminal history category of VI.

10.     **Sentencing Recommendation**: Based on the negotiations between the parties and taking into account the factors set forth in 18 U.S.C. § 3553(a), the USAO and defendant will jointly recommend a 120-month prison sentence, even if 120 months is above the applicable advisory guideline range ultimately determined by the Court.

11.     **Additional Departures, Adjustments, or Variances**: The parties agree not to seek any departures or adjustments to the advisory sentencing guideline range under the sentencing guidelines provisions. The parties further agree not to seek a variance pursuant to 18 U.S.C. § 3553, except that the parties will seek an upward variance as necessary to achieve a sentence of 120 months in prison.

Kurt D. Hermansen
Re: Kevin Lee Jones Plea Agreement Letter
Page 4
December 23, 2022

12.    **Waiver of Appeal/Post-Conviction Relief**:  Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).  In the event that any of defendant's convictions under this agreement is vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

13.    **Court Not Bound**:  The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer.  Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

14.    **Full Disclosure/Reservation of Rights**:  The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case.  Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

15.    **Breach of Plea Agreement**:  If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing.  If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

16.    **Forfeiture Terms**:

A.    **Assets and Authority**:  By signing this agreement, defendant knowingly and voluntarily forfeits all right, title, and interest in and to all assets which are subject to forfeiture under 18 U.S.C. § 924(d), including the firearms, ammunition, accessories and items set forth in the information and in the bill of particulars.

Revised May 2018

Kurt D. Hermansen
Re: Kevin Lee Jones Plea Agreement Letter
Page 5
December 23, 2022

     B.    **Agreement to Civil Forfeiture**:  Defendant agrees not to file a claim, or agrees to withdraw any claim already filed, to any of the listed property in any civil proceeding, administrative or judicial, which may be initiated.  Defendant further waives the right to notice of any forfeiture proceeding involving this property and agrees not to assist others in filing a claim in any forfeiture proceeding.

     C.    **Assets Not Identified**:  The USAO reserves its right to proceed against any remaining assets not identified either in this agreement or in the civil actions which are being resolved along with this plea of guilty, including any property in which defendant has any interest or control, if said assets, real or personal, tangible or intangible, are subject to forfeiture.

     D.    **Final Order of Forfeiture**:  Defendant agrees not to contest entry of a Final Order of Forfeiture reflecting these forfeiture terms at the conclusion of the criminal case.

17.    **Restitution:**  Defendant agrees fully to disclose all assets in which defendant has any interest or over which defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party.  Defendant agrees to truthfully complete the Financial Disclosure Statement provided herein by the earlier of fourteen days from defendant's signature on this plea agreement or the date of defendant's entry of a guilty plea, sign it under penalty of perjury, and provide it to both the USAO and the United States Probation Office.  Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances.

Defendant expressly authorizes the USAO to obtain a credit report on defendant.  Defendant agrees to provide waivers, consents, or releases requested by the USAO to access records to verify the financial information.  Defendant also authorizes the USAO to inspect and copy all financial documents and information held by the U.S. Probation Office.

The parties agree that defendant's failure to timely and accurately complete and sign the Financial Disclosure Statement, and any update thereto, may, in addition to any other penalty or remedy, constitute defendant's failure to accept responsibility under USSG § 3E1.1.

Transfer of Assets

Defendant agrees to notify the Financial Litigation Unit of the USAO before defendant transfers any interest in property with a value exceeding $1000 owned directly or indirectly, individually or jointly, by defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations.

Kurt D. Hermansen
Re: Kevin Lee Jones Plea Agreement Letter
Page 6
December 23, 2022

Restitution

The Court shall order restitution to each victim in the full amount of the victim's losses as
determined by the Court. The parties agree that the loss is no less than $74,228.

Defendant understands and agrees that the total amount of any monetary judgment that the Court
orders defendant to pay will be due. Defendant further understands and agrees that pursuant to
18 U.S.C. § 3614, defendant may be resentenced to any sentence which might have originally
been imposed if the court determines that defendant has knowingly and willfully refused to pay a
fine or restitution as ordered or has failed to make sufficient bona fide efforts to pay a fine or
restitution. Additionally, defendant understands and agrees that the government may enforce
collection of any fine or restitution imposed in this case pursuant to 18 U.S.C. §§ 3572, 3613,
and 3664(m), notwithstanding any initial or subsequently modified payment schedule set by the
court. Defendant understands that any monetary debt defendant owes related to this matter may
be included in the Treasury Offset Program to potentially offset defendant's federal retirement
benefits, tax refunds, and other federal benefits.

Pursuant to 18 U.S.C. § 3612(b)(1)(F), defendant understands and agrees that until a fine or
restitution order is paid in full, defendant must notify the USAO of any change in the mailing
address or residence address within 30 days of the change. Further, pursuant to 18 U.S.C. §
3664(k), defendant shall notify the Court and the USAO of any material change in defendant's
economic circumstances that might affect defendant's ability to pay restitution, including, but not
limited to, new or changed employment, increases in income, inheritances, monetary gifts, or any
other acquisition of assets or money.

18.    **Memorialization of Agreement**: No promises, agreements, or conditions other than
those set forth in this agreement will be effective unless memorialized in writing and signed by
all parties listed below or confirmed on the record before the Court. If defendant accepts this
offer, please sign and attach the original of this letter to the Petition to Enter Plea.

\\\

\\\

\\\

\\\

\\\

Revised May 2018

Kurt D. Hermansen
Re: Kevin Lee Jones Plea Agreement Letter
Page 7
December 23, 2022


19.  **Deadline**:  This plea offer expires if not accepted by January 16, 2023 at 5:00 p.m.

                                 Sincerely,

                                 NATALIE K. WIGHT
                                 United States Attorney

                                 *s/ Jeffrey S. Sweet*
                                 JEFFREY S. SWEET
                                 Assistant United States Attorney


     I have carefully reviewed every part of this agreement with my attorney.  I understand and voluntarily agree to its terms.  I expressly waive my rights to appeal as outlined in this agreement.  I wish to plead guilty because, in fact, I am guilty.


| January 6, 2023 | *s/ Kevin Jones* by attorney Kurt Hermansen |
| --- | --- |
| Date | Defendant |
| | KEVIN LEE JONES |


     I represent the defendant as legal counsel.  I have carefully reviewed every part of this agreement with defendant.  To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.


| January 6, 2023 | *s/ Kurt David Hermansen* |
| --- | --- |
| Date | Attorney for Defendant |
| | KURT D. HERMANSEN |